**Lawrence MILLER v. Karen SMITH**

[989 A.2d 537]

No. 09-148

<hr>

¶ 1. December 4, 2009. Mother appeals from the family court's order regarding

parent-child contact. This is the third time the parties have been before this Court arguing over the details of their parent-child contact schedule. In this appeal, mother argues that the family court erred by refusing to order father to take the parties' six-year-old child to a gymnastics class during father's scheduled visitation period. We affirm the family court's order.

¶ 2. The parties divorced after a short marriage. Their daughter, B.S., is now six years old. Mother has sole legal and physical rights and responsibilities in the minor child. In November 2008, father filed a motion to enforce a provision, effective on the child's sixth birthday, providing him with an additional overnight visit. Father interpreted the term "overnight" to mean a 24-hour period, and he thus sought to have the child from five p.m. on a certain day until five p.m. the following day. Mother objected, asserting that father's visitation ended at the beginning of the school day or 9 a.m. on nonschool days. Mother maintained that father's plan would be disruptive to the child and not in her best interests. Following a hearing, the court issued an order setting forth the contact schedule. Father's additional overnight was provided on Tuesdays, once per month. The court explained that as a matter of judicial finality and economy, it could not continue to tinker with the parties' visitation schedule. It stated that the schedule was now clear — the additional overnight was in place. It was now time for the family to turn their attention to something else and stick by the schedule they had developed. The court thus granted father's motion to enforce and denied the parties' remaining requests.

¶ 3. Mother then filed a motion, asking the court to clarify that father must bring the child to her scheduled activities on his visitation days. Father responded and also asked the court to correct an inadvertent error in its decision. The court then issued another entry order responding to these requests. It explained that the family court could not referee the details of how the child spent her time with father. Father was an adult and during his time with B.S. he would have to make decisions about the child's activities. The court expected that father would respect the child's wishes, but in the end, it was a private matter that the court would not supervise. The court noted that any other approach was unthinkable. The court had no ability or any role in deciding if gymnastics on Tuesdays were better for the child than an afternoon spent at father's house. If the court issued an order requiring father to take the child to after-school activities, the parties would then be back with an endless stream of disputes over the value and reasonableness of various activities. The court could provide blocks of time to each parent. Within reason, how each parent spent that time was left to the individual parent who was caring for the child at the time. Mother appealed from this decision.

¶ 4. Mother argues that the court's order interferes with her right under 15 V.S.A. §§ 664-665 to choose the child's activities. In a related vein, mother asserts that the court seemed to agree at the hearing that father should take the child to activities chosen by mother and, thus, it should have entered an order to this effect.

¶ 5. These arguments are without merit. While mother suggests that the court agreed with her position at the hearing, the record plainly shows that the court rejected mother's approach. The family court acted well within its discretion in refusing to police the child's recreational activities during her visitation with father. Our decision in *Gazo v. Gazo*, 166 Vt. 434, 697 A.2d 342 (1997), is instructive. In that case, we recognized that the parent who does not have physical responsibility for a child "has a right to some measure of parent-child contact un-

less the best interests of the child[] require otherwise." *Id.* at 444, 697 A.2d at 348. The court may impose conditions on visitation if clearly required by the child's best interests, which is not to suggest that the custodial parent can impose restrictions unilaterally. *Id.* at 444-45, 697 A.2d at 348. "If the custodial parent desires that restrictions be imposed, she must ask the court to impose them." *Id.* at 445, 697 A.2d at 348. As we observed in *Gazo*, "[w]ithout mutual tolerance and understanding, these rights of visitation can become a nightmare for both parents and a disaster for the child or children involved." *Id.* (alteration in original) (quotation omitted).

¶ 6. In *Gazo*, the court prohibited the mother, who had been awarded legal and physical rights and responsibilities for the parties' two children, from imposing "any limitations on who the children see or what the children do when they are having parent-child contact with the [father]." *Id.* at 444, 697 A.2d at 347. We found that while the court's finding was supported by the evidence, its order was overly broad "to the extent that it interferes with the award of parental rights and responsibilities to [the mother]." *Id.* at 445, 697 A.2d at 348. We went on, however, to strike that portion of the court's order as "unnecessary," now that a specific schedule of visitation was in place "leaving nothing to [mother]'s discretion." *Id.* We further held that if the mother wanted to impose restrictions on the father's actions during visitation, she would have to seek further court intervention for that purpose.

¶ 7. In this case, the court specifically rejected mother's proposed restrictions, and we find no abuse of the family court's discretion in ruling on this motion to clarify. Mother essentially argues that she has the right to control the child's activities during father's visitation. This is the "nightmare" situation we foretold in *Gazo*. If the custodial parent were allowed to establish routines and restrictions within a noncustodial parent's time at her whim, the contact with father would be little more than a babysitting function with mother having filled the time with instructions and conditions. There are certainly times when the parent awarded parental rights and responsibilities will want to establish conditions, such as where the child has a strict vegetarian diet but the noncustodial parent gives the child hamburger each night of a visit, the mother could ask the court to consider making adherence to a vegetarian diet mandatory. However, to allow the custodial parent to schedule the child for time that is supposed to be spent with the noncustodial parent ignores the legislative mandate that children should continue "to have the opportunity for maximum continuing physical and emotional contact with both parents." 15 V.S.A. § 650. It would also, as the trial court aptly noted, bring the parties back before the court "with an endless string of disputes over the reasonableness and value of sports, music lessons, gymnastics classes and friends' birthday parties." As the family court explained, it "can provide blocks of time to each parent. Within reason, how each spends it has to be left to the individual decision of the parent who is caring for [the child] at the time."

*Affirmed.*